McGREGOR W. SCOTT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ARMANDO LUCIANO CHAVEZ, JR.,<br><br>                    Defendant. | CASE NO.  1:20-CR-00218-NONE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: January 20, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for a status conference on January 20, 2021.  This Court has issued a series of General Orders to address public health concerns related to COVID-19 and to suspend jury trials in the Eastern District of California, including most recently General Order 628.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on January 20, 2021.

2.      By this stipulation, defendant now moves to continue the status conference until June 2,

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    2021, and to exclude time between January 20, 2021, and June 2, 2021, under Local Code T4.

2         3.      The parties agree and stipulate, and request that the Court find the following:

3              a)      The government has represented that the discovery associated with this case

4    includes investigative reports, numerous photographs and videos, cellular phone extractions,

5    laboratory test results, and other items. All this discovery has been either produced directly to

6    counsel and/or made available for inspection and copying.

7              b)      Counsel for defendant desires additional time consult with their clients, conduct

8    further investigation, review the voluminous discovery, and to continue to explore a potential

9    resolution of the case.  All these activities have been hampered by the COVID-19 pandemic and

10   Defendant's participation in the WestCare in-patient program.  Specifically, because defendant is

11   currently in the treatment program, access to counsel has been restricted.  Moreover, external

12   investigation of the case has been hampered by quarantines and social distancing restrictions

13   caused by the COVID-19 pandemic.

14             c)      Counsel for defendant believes that failure to grant the above-requested

15   continuance would deny him/her the reasonable time necessary for effective preparation, taking

16   into account the exercise of due diligence.

17             d)      The government does not object to the continuance.

18             e)      Based on the above-stated findings, the ends of justice served by continuing the

19   case as requested outweigh the interest of the public and the defendant in a trial within the

20   original date prescribed by the Speedy Trial Act.

21             f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

22   et seq., within which trial must commence, the time period of January 20, 2021 to June 2, 2021,

23   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

24   because it results from a continuance granted by the Court at defendant's request on the basis of

25   the Court's finding that the ends of justice served by taking such action outweigh the best interest

26   of the public and the defendant in a speedy trial.

27        4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

28   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

must commence.

IT IS SO STIPULATED.


Dated:  January 15, 2021                    McGREGOR W. SCOTT
                                            United States Attorney


                                            /s/ JUSTIN J. GILIO
                                            JUSTIN J. GILIO
                                            Assistant United States Attorney


Dated:  January 15, 2021                    /s/ Dan Harralson
                                            DAN HARRALSON
                                            Counsel for Defendant
                                            Armando Luciano Chavez, Jr.


## FINDINGS AND ORDER


IT IS SO ORDERED.

Dated:  **January 15, 2021**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE